MURPHY *v.* THE STATE.

The instruction complained of, taken in connection with other portions of the charge, contained no error requiring the granting of a new trial; the verdict was fully warranted by the evidence; there was no merit in the ground as to newly discovered evidence, nor any error in denying a new trial.

June 12, 1893.

Assault and battery. Before Judge RICHARD H. CLARK. Fulton superior court. September term, 1892.

SIMMONS & CORRIGAN and GLENN & MADDOX, for plaintiff in error. C. D. HILL, solicitor-general, *contra.*

LUMPKIN, Justice.

The accused was tried upon an indictment for assault with intent to murder, but the solicitor-general conceded on the trial there should be no conviction for any higher offence than that of assault and battery.

The motion for a new trial complains of the following charge: "The law, gentlemen of the jury, does not allow a man to strike another who has applied to him opprobrious words or abusive language, or who has stricken him first with his fist, to reply with a knife or stick of any size, or any weapon of that sort, unless

there is some inequality between the parties that would warrant it." This charge, taken alone, was not strictly accurate and correct. The court, however, had already charged that our law " allows one to strike another for the use of opprobrious words and abusive language, leaving it to the jury to judge whether the beating is in excess of the provocation used. That is a matter for the jury to determine." And also, immediately after giving the charge excepted to, the court charged as follows: " Now, in this matter, the law makes you supreme. If you should believe, as I stated, that the truth of the case is that [the prosecutor] did make the first assault on [the accused] and then [the accused] replied with one or more blows of the stick, whether he was justified, on account of all the circumstances, in so doing, and if you believe that it was lawful, within the discretion that the law places upon you, for him to have done so, he would not be guilty of assault and battery; but if you should believe that he had no right to use the stick for the assault or opprobrious words or abusive language or both, he would be guilty of assault and battery." Taking these charges all together, the jury must have understood that they had full power and authority to determine whether the opprobrious words alleged to have been used by the prosecutor and the assault alleged to have been made by him upon the accused, did or did not amount to a justification under all the facts and circumstances of the case.

The evidence for the State fully sustained the verdict, and it is manifest that the jury did not accept the version of the difficulty given by the witnesses for the accused, or contained in the statement made by the latter. It is quite certain that had they done so, the accused would have been acquitted, notwithstanding the inaccuracy in the charge of the court.

The alleged newly discovered evidence of the witness

McEwen is not newly discovered evidence at all.  He was a witness for the State, and appears to have been subjected to an extended cross-examination by counsel for the accused, and it is apparent that there was full opportunity at the trial to ascertain all he knew about the transaction.          *Judgment affirmed.*